

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/11/2015

| | | |
|---|---|---|
| IN RE: § | | |
| MARY E. FULLINWIDER; aka § | CASE NO: 14-34787 | |
| FULLINWIDER § | | |
|    Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| MARY ELLEN FULLINWIDER, *et al* § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 14-03318 | |
| § | | |
| VFC PARTNERS 25, LLC, *et al* § | | |
|    Defendant(s) § | | |

## MEMORANDUM OPINION

The Fullinwiders seek to utilize the statute of limitations to obtain a $500,000.00 windfall on debt that they readily acknowledge to be valid. The Fullinwiders' acknowledgements of the debt defeat their statute of limitations argument. Accordingly, the Fullinwiders' complaint will be dismissed.

### Background

Mr. and Mrs. Fullinwider purchased their farm located at 25400 Jack Rd., Hockley, TX 77447, in July 1998 with financing provided by Community Bank. Sterling Bank later acquired Community Bank and the Fullinwiders' balloon note. In 2003, Sterling Bank refinanced the farm with a new note which also included security interests in some farm equipment.

On May 5, 2005, the Fullinwiders found new financing with Hibernia Bank. They executed a promissory note in the original principal amount of $585,000.00 payable to Hiberia. The note states that it is payable on demand and that "[i]f no demand is made, Borrower will pay this loan in 59 regular payments of $4,559.03 each and one irregular last payment estimated at

$511,724.69… Borrower's final payment will be due on June 1, 2010, and will be for all principal and all accrued interest not yet paid." (ECF No. 1-2 at 2).

At some point before October 2008, Hibernia Bank was acquired by Capital One Bank along with the promissory note in question.  On July 2, 2009, the Fullinwiders and Capital One Bank executed an "Extension of Real Estate Note and Lien" modifying the maturity date of the promissory note to October 1, 2009. (ECF No. 14-3 at 2).  The document states that "[a]ll other terms of the Note and related documents remain unchanged." (*Id.*).

On or about March 20, 2013, Capital One assigned the Fullinwiders' promissory note and the deed of trust to Defendant, VFC Partners 25, LLC.  First City Servicing Corporation was the servicer of the loan.

Between November 2009 and March 2014, the Fullinwiders paid interest on the note to Capital One and First City on a monthly basis for a total of $184,191.00.

On November 20, 2013, VFC Partners sent its Notice of Maturity and Demand for Payment of the promissory note to the Fullinwiders.

VFC Partners then assigned its interest in the note to VFC Properties 25, LLC on or about June 4, 2014.

On June 6, 2014, VFC Properties 25, LLC provided written notice of its intent to foreclose on the property on the first Tuesday in July, 2014.  VFC Properties postponed the foreclosure and provided new notice on July 7, 2014 of its intent to foreclose on the property on the first Tuesday in August, 2014.

On August 29, 2014, Ms. Fullinwider filed her chapter 13 bankruptcy case.  On October 23, 2014, the Fullinwiders filed this complaint against VFC Partners 25 LLC, VFC Properties 25, LLC, and Capital One Bank. (ECF No. 1).

The Fullinwiders' complaint seeks a declaratory judgment declaring "the note held by VFC Properties 25, LLC and deed of trust securing it to be void because it is barred by the applicable statute of limitations." (ECF No. 1 at 7).

At a hearing held on October 24, 2014, the Court ordered the parties to file briefs on the statute of limitations issue.

## Statute of Limitations

If the holder of a real property lien does not bring suit for recovery of the property or foreclose on it within four years after the cause of action accrues, the lien and power of sale become void. Tex. Civ. Prac. & Rem.Code Ann. § 16.035(a), (d) (Vernon 2002). The evidence shows that the promissory note matured on October 1, 2009. Accordingly, the four-year statute of limitations period expired on October 1, 2013.

VFC Properties raises two exceptions to the statute of limitations defense: (i) that the Fullinwiders' acknowledgments of the debt reset the limitations period under § 16.065; and (ii) that the counterclaim savings statute—§ 16.069—revived the action.

The Court finds that the Fullinwiders' acknowledgments of the debt created a new obligation that reset the statute of limitations with regards to VFC Properties' note and lien. Accordingly, the Court need not decide whether the counterclaim savings exception applies.

## Acknowledgment of Claim

VFC Properties argues that Fullinwiders' acknowledgment of the debt restarted the limitations period under § 16.065. (ECF No. 15 at 1).

Section 16.065 provides: "[a]n acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made

after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged." Tex. Civ. Prac. & Rem. Code Ann. § 16.065.

Although § 16.065 merely sets out the evidentiary standard for admitting an "acknowledgement," many Texas courts, including the Texas Supreme Court, appear to treat this provision as a statutory defense to the statute of limitations. *See Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002).

Other Texas courts refer to "acknowledgment" as a common-law doctrine that states that an action barred by limitations is revived by a debtor's new promise to pay. *See, e.g.*, *Murphy v. Fairfield Fin. Grp., Inc.*, No. 03-99-00562-CV, 2000 WL 689758, at *5 (Tex. App. May 31, 2000).

Whether this is a common law defense or statutory defense, the Texas Supreme Court is clear that an "acknowledgment," must: "1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002). "Additionally, the amount of the obligation the acknowledgment describes must be 'susceptible of ready ascertainment.'" *Stine v. Stewart*, 80 S.W.3d 586, 591-92 (Tex. 2002).

It is well settled that fulfilment of these conditions creates a new obligation. (*Id*. at 591).

Whether a writing sufficiently acknowledges a debt is a question of law. *David v. David*, No. 01-09-00787-CV, 2011 WL 1326222, at *4 (Tex. App. Apr. 7, 2011).

VFC asserts that there are two, independent debt acknowledgements: (i) the checks signed by Ms. Fullinwider for monthly interest payments and (ii) a Financial Statement signed by the Fullinwiders and submitted to First City. (ECF No. 13 at 3). The Court agrees.

**(i) Checks**

After the four-year statute of limitations period expired on October 1, 2013, the Fullinwiders continued to make monthly interest payments on the note up until as late as March of 2014. The checks, attached as Exhibit 6, are (i) signed by Ms. Fullinwider, (ii) made payable to VFC Properties, (iii) and reference the loan number for the note. (ECF No. 12 at 33-38). The loan number on each check was handwritten in by Ms. Fullinwider. The Fullinwiders do not dispute that the loan number included on each check corresponds to the note at issue in this case. Most of the checks include Ms. Fullinwider's handwritten notes that they are for payment of "interest." (*Id*.).

VFC cites to *Gamble* and *Roadside Stations, Inc.* in support of its claim that such interest payments are sufficient to acknowledge a debt and revive claims otherwise barred by limitations. *See First Nat'l Bank v. Gamble*, 132 S.W.2d 100 (Tex. 1939) (construing Art. 5539, which is virtually identical to §16.065); *Roadside Stations, Inc. v. 7HBF, Ltd.,* 904 S.W.2d 927 (Tex. App.-Fort Worth 1995, *no writ*).

In *Gamble*, the Texas Supreme Court held that a check for payment of interest on a note constituted an acknowledgment of a debt sufficient to toll the applicable statute of limitations. *First Nat. Bank v. Gamble*, 134 Tex. 112, 115-16, 132 S.W.2d 100, 101 (Comm'n App. 1939). In *Gamble,* the $10,000.00 principal amount on the debt became due on February 6, 1930. The lender never made a request for payment of the principal, but continued to collect a $350.00 check for interest payments every six months until September 21, 1934. The Court held that that the September 21, 1934 check, which bore the notation "Int. on note", constituted an acknowledgment of the debt under Article 5539 to take the action out of the operation of the statute of limitations. (*Id*.).

Although section 16.065 had not been enacted at the time, Article 5539 had virtually identical language: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby." *C.H. Hyer & Sons v. Morrow*, 16 S.W.2d 938, 940 (Tex. Civ. App. 1929) (quoting Article 5539).

In *Roadside*, a Texas Appellate Court followed the Texas Supreme Court's *Gamble* decision, holding that "[t]he giving of a check marked "interest" by a debtor is sufficient to acknowledge a debt." *Roadside Stations, Inc. v. 7HBF, Ltd.*, 904 S.W.2d 927, 931 (Tex. App. 1995) (citing *First Nat'l Bank v. Gamble*, 132 S.W.2d 100 (Tex. 1939). In that case, the payment stub on the plaintiff's check showed that part of the payment made was for interest on the invoice number referring to the note in question.

The Fullinwiders made no attempt to distinguish the checks in this case from the checks that were deemed acknowledgements in *Gamble* and *Roadside*. Nor is the Court aware of any material distinction.

The Fullinwiders rely on a Texas Appellate Court decision that held that "[p]artial payment on a promissory note neither interrupts the running of limitations, nor constitutes an acknowledgment of the debt." *CA Partners v. Spears*, 274 S.W.3d 51, 67 (Tex. App. 2008) (citing *Gabriel v. Alhabbal*, 618 S.W.2d 894, 897 (Tex. App.-Houston [1st Dist.] 1981, writ ref'd n.r.e.)).

In *Gabriel,* another appellate court held that "[a] check issued in part payment of a promissory note neither interrupts the running of limitation on the debt, nor acknowledges the

justness of the debt with an implicit promise to pay it." *Gabriel v. Alhabbal*, 618 S.W.2d 894, 897 (Tex. Civ. App. 1981).

However, in these cases, the lender did not attempt to establish that the payment checks complied with the requirements for an acknowledgment. Moreover, neither of these cases addressed *Gamble*—the Texas Supreme Court case directly on point.

Even if the *Gamble* decision is not dispositive, the checks signed by the Fullinwiders satisfy all of the requirements set forth in *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002). Fullinwider signed each of the checks which included the loan number handwritten by Ms. Fullinwider herself, thus acknowledging the existence of the obligation in a signed writing.

The third requirement—that the writing "refer to the obligation and express a willingness to honor that obligation"—is also satisfied. (*Id*.). The Fullinwiders refer to the obligation by handwriting in the loan number on each check. The expression of willingness to honor the obligation need not be an express promise to repay the full amount of principal and interest on the note. The continued monthly interest payments made after the debt matured and after the four-year limitations period ran constitutes an implied promise to honor the obligation.

Indeed, Texas courts have held a party may make an implied promise to pay a debt for purposes of satisfying the final requirement for debt acknowledgment. *See e.g., Alsheikh v. Arabian Nat. Shipping Corp.*, No. 14-05-00787-CV, 2006 WL 1675384, at *2 (Tex. App. June 20, 2006); *Matherne v. Carre,* 7 S.W.3d 903, 907 (Tex. App.- Beaumont 1999, pet. denied) (finding implied promise to pay in divorce proceeding where husband listed debt to wife's mother on inventory and appraisement); *Mercantile Nat'l Bank at Dallas v. Acoustics, Inc.,* 589 S.W.2d 773, 775 (Tex. App.-Eastland 1979, no writ) (finding implied promise to pay when

entries on corporate balance sheet showed debt and reflected three check payments, and no evidence showed debtor intended to repudiate debt).

In *Alsheikh*, a Texas Appellate Court held that "the notations on [debtor's] checks and receipts referring to his obligation, and his failure to repudiate either or both Notes constitute an implied promise to pay. Thus, he satisfied the final requirement of debt acknowledgment." *Alsheikh v. Arabian Nat. Shipping Corp.*, No. 14-05-00787-CV, 2006 WL 1675384, at *2 (Tex. App. June 20, 2006).

Finally, the amount of the obligation is 'susceptible of ready ascertainment because the acknowledgment refers to the loan number in question. *Stine v. Stewart*, 80 S.W.3d 586, 591-92 (Tex. 2002). The amount owed on the original loan is not in dispute and is readily ascertainable.

The effect of the acknowledgement of a debt after the statute of limitations has expired is that it creates a new obligation that the party may enforce. (*Id.*). In this case, when Ms. Fullinwider sent a check for payment of interest on the note on October 22, 2013 (ECF No. 12 at 33), it revived the Fullinwiders' obligations under the most recently executed note.

In *Roadside*, the court made a distinction between acknowledgment of debt and acknowledgment of the amount of the debt: "Roadside did acknowledge that a debt was owed to appellees, but this acknowledgement cannot be construed as a concession to the accuracy of the amount." *Roadside Stations, Inc. v. 7HBF, Ltd.*, 904 S.W.2d 927, 931 (Tex. App. 1995).

However, the Fullinwiders do not dispute the terms of the note. Their basis for disputing the note is limited to their statute of limitations defense. Accordingly, in this case, the Fullinwiders' acknowledgment of the debt also constitutes an acknowledgment of the amount of the debt.

**(ii) Financial Statement**

On November 1, 2013, the Fullinwiders delivered a Financial Statement to First City, the loan servicer at the time. (ECF No. 12 at 39-42).  This document constitutes a separate acknowledgement of the note.

VFC cites to several cases to support its position that signing a financial document similar to the one at issue constitutes an acknowledgment. *Mathews v. Carre*, 7 S.W.3d 903, 907 (Tex. App- Beaumont 1999, *pet denied*); *Mercantile Nat'l Bank v. Acoustics, Inc.,* 589 S.W.2d 773, 775 (Tex. App.- Eastland 1979, *no writ*); *Dominguez v. Castaneda*, 165 S.W.3d 318 (Tex. App- El Paso, 2005, *pet. denied*); *Alsheikh v. Arabian Nat'l Shipping Corp.*, 01-08-00007-CV, 2009 WL 884795 (Tex. App.-  Houston [14th Dist.] June 20 2006).

The Financial Statement directly acknowledges the existence of the obligation in a signed writing, satisfying the first two requirements of an effective acknowledgment.  The document also satisfies the third requirement—that it "refer to the obligation and express a willingness to honor that obligation—" for the same reasons as the checks for interest payments. *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002).   The document was signed by both Mr. and Mrs. Fullinwider and sent to the servicer of the note one month after the four-year limitations period expired.  There is nothing in the document to suggest that the Fullinwiders disputed any terms of the note.  This constitutes an implied promise to honor the obligation.

Moreover, the amount of the obligation the acknowledgment describes is 'susceptible of ready ascertainment.   The document lists the following information: (i) the $541,195.00 outstanding balance owed; (ii) the 2009 maturity date; (iii) annual payments of $38,400.00; (iv) an interest rate of 6.90%; (v) the address of the property that secures the note; (vi) the year the property was acquired by the Fullinwiders; (vii) and lists "First City" as the lienholder.

Although First City was in fact the servicer of the note, this document unambiguously refers to the note held by VFC Partners.

The Fullinwiders argue that Ms. Fullinwider's bankruptcy filing somehow vitiates this acknowledgement. (ECF No. 14) ("Mary Fullinwider's bankruptcy filings mentioning the promissory note preserved the disputed nature of the statute of limitations and validity of note."). The Court rejects this argument.

The evidence shows that the Fullinwiders did not dispute the note on November 1, 2013, the date that they signed the Financial Statement.  There is no evidence—on the document itself or otherwise—to suggest that the Fullinwiders disputed the debt or any of its terms on this date.

Although the Fullinwiders did list the debt as disputed on their bankruptcy Schedule D (Case No. 14-34787, ECF No. 17 at 10), this was approximately ten months after the Financial Statement was sent to First City.  Ms. Fullinwider filed for bankruptcy on August 29, 2014, and filed her schedules on September 12, 2014. (Case No. 14-34787, ECF Nos. 1, 17).  In their brief, they concede that they were not even aware of their statute of limitations argument until sometime in 2014.   (Case No. 14-03318, ECF No. 14 at 5) ("During the early months of 2014… [t]he Fullinwiders negotiated with VFC PARTNERS's counsel for several weeks regarding extension of the loan before realizing the full import of the demand and maturity date language in the promissory note and deed of trust.").  Accordingly, the November 1, 2013 Financial Statement constitutes an acknowledgement of the debt.

10 / 11

## Conclusion

Because the sole basis for relief is the failed statute of limitations defense, this adversary proceeding will be dismissed with prejudice.

SIGNED **March 11, 2015.**

                                                                                     Marvin Isgur
                                                        UNITED STATES BANKRUPTCY JUDGE